IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NATHAN W. SMITH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 06-00035-CV-W-DW |
| ) | Crim. No. 04-00065-01-CR-W-DW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Movant's Motion to Vacate, Set Aside or Correct His Sentence under 28 U.S.C. § 2255. The Government has filed its response in opposition, and the Movant has filed his reply. After careful consideration of the record and the parties' arguments, the Court DENIES the 2255 motion.

### I. Background

Movant, Nathan Smith ("Smith"), was indicted on March 2, 2004 as a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). The government subsequently issued a writ of habeas corpus ad prosequendum. On March 4, 2004, this Court ordered that the writ be issued to the Western Reception, Diagnostic and Correctional Center in St. Joseph, Missouri. Smith was obtained from the Missouri Department of Corrections on March 22, 2004 and appeared on March 26, 2004.

Smith plead guilty on June 30, 2004 and was sentenced to a period of thirty-three months on June 30, 2004. Smith has now filed this motion to correct his sentence pursuant to 28 U.S.C. § 2255.

## II. Grounds For Relief

Smith's motion raises two separate grounds for relief. Counts One and Two allege that Smith was improperly denied credit for time served. While Counts Three and Four allege that Smith received ineffective assistance of counsel. The Court will address these arguments in reverse chronological order.

### A. Ineffective Assistance of Counsel

For an ineffective assistance of counsel claim on a 28 U.S.C. § 2255 motion, Movant bears the burden of proving that (1) counsel performed deficiently and (2) that the deficient performance prejudiced his defense. Lockhart v. Fretwell, 506 U.S. 364, 369 (1984). Movant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984).

Smith claims his counsel performed deficiently when she allegedly instructed him that he would receive credit for previously served jail time. This claim, however, is belied by the sentencing transcript. During the criminal sentencing, in Smith's presence, Smith's counsel stated on the record that she told her client that the Bureau of Prisons would not grant him credit for time served. When later addressed by the Court regarding whether he understood this fact, Smith stated in the affirmative. Any claim by Smith that his counsel lead him to believe otherwise is undermined by his own testimony.

Since this Court finds defendant's arguments as to deficient performance without merit, Grounds Three and Four must be denied.

### B. Improper Denial of Credit For Time Served

This Court is without jurisdiction to hear Smith's argument as to the improper denial of credit for time served. Defendants may obtain credit for time served under 18 U.S.C. § 3585(b).

Any such determination, however, is made by the Bureau of Prisons and not the district courts. U.S. v. Pardue, 262 F. 3d 695, 699 (8th Cir. 2004). The Bureau of Prisons further provides administrative remedies to address a denial of a credit for time served request. Id. Only after exhausting these remedies may a challenge for failure to credit a defendant for time served be brought to the federal courts as a § 2241 habeas motion. United States v. Chappel, 208 F. 3d 1069 (8th Cir. 2000); Bell v. United States, 48 F. 3d 1042, 1043 (8th Cir. 1995).

Even if this Court were to construe Smith's motion as a properly brought § 2241 habeas motion, instead of a §2255 motion, it would be without jurisdiction. A § 2241 motion may only be filed in (1) the district where the petitioner is confined; (2) the United States District Court for the District of Columbia; or (3) in any district in which the Bureau of Prisons maintains a regional office. Id. at 1069. Given that Smith is currently incarcerated in Leavenworth, Kansas and the Bureau of Prisons North Central Regional Office is located in Kansas City, KS, this Court is without jurisdiction to hear any such motion.

As a result, Grounds One and Two must be denied.

### III. Order

For the reasons set forth above, it is hereby

ORDERED that Smith's 28 U.S.C. § 2255 Motion is DENIED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: August 28, 2006